Jennifer S. Romano (CSB No. 195953)
JRomano@crowell.com
Andrew Holmer (State Bar No. 268864)
AHolmer@crowell.com
Darshan Patel (CSB No. 346947)
DPatel@crowell.com
CROWELL & MORING LLP
515 South Flower Street
40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE COMPANY and UNITED HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ATA MAZAHERI, M.D., INC.,

Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE COMPANY and UNITED HEALTHCARE SERVICES, INC.,

Defendants.

Case No. 2:23-cv-00865-MWF (SKx)

Hon. Michael W. Fitzgerald

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Hearing Date: May 15, 2023
Hearing Time: 10:00 AM
Courtroom: 5A
350 West First Street
Los Angeles, CA 90012

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on May 15, 2023 at 10:00 a.m., or as soon thereafter as they may be heard by the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendants UnitedHealthcare Insurance Company and United Healthcare Services, Inc. (collectively, "United" or "Defendants") will, and hereby do, move this Court for an order dismissing this action.

Dismissal of the First Amended Complaint is warranted for each of the following reasons:

1. Plaintiff's cause of action for breach of implied-in-fact contract should be dismissed because Plaintiff fails to allege the existence of a valid implied-in-fact contract. Plaintiff admits that he has no "written agreement" or "other contract" with United at all. Indeed, Plaintiff does not (because he cannot) allege any mutual agreement as to the price United would pay for the medical services at issue. Under settled California law, this alone precludes Plaintiff's claim for breach of implied contract as a matter of law. And under equally settled California law, Plaintiff fails to allege any valid consideration necessary to support an implied-in-fact contract. Because Plaintiff fails to sufficiently allege (and admits that he has no) valid implied-in-fact contract with United, his claim for breach of implied-in-fact contract should be dismissed.

2. Plaintiff's second cause of action for breach of "implied-in-law" contract, is synonymous with the common law claim for *quantum meruit*. Under settled California law, Plaintiff's quasi-contract claim sounding in *quantum meruit* fails because Plaintiff does not allege that United – as opposed to the insured patients Plaintiff allegedly treated – *specifically requested* Plaintiff's services, let alone that United *benefitted* from those medical services allegedly provided to third-party patients. Moreover, Plaintiff cannot recover in *quantum meruit* for the

additional reason that California law expressly limits United's obligation to pay for the emergency medical services in question (if at all) to the amounts specified in the individual insurance policies issued to the third-party health plan members at issue. Plaintiff does not allege that United owes anything additional under the terms of those policies, and he cannot use *quantum meruit* to recover in excess of the policy limits.

3. Plaintiff's cause of action for "equitable remedy under California Civil Code Section 3523" is not an independent cause of action. The general maxim that "[f]or every wrong there is a remedy" does not create liability where, as here, none exists to begin with. Since Plaintiff does not allege that United incorrectly paid under any of the insurance policies that govern here, he does not allege any "wrong" that requires a remedy. In any event, the only "remedy" Plaintiff seeks for this claim again sounds in *quantum meruit.* As a result, his claim for equitable remedy under California Civil Code Section 3523 fails for all the same reasons as his claim for breach of implied-in-law contract, and because it is duplicative.

4. Plaintiff's claim for "equitable relief" is, again, just a repackaged claim for *quantum meruit* and fails for the same substantive reasons as his other *quasi*-contract claims and because it is duplicative.

This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on April 10, 2023, and is based on this Notice, Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, all pleadings on file with this Court, and on such oral argument as may be presented at the hearing on this matter.

Dated: April 17, 2023

CROWELL & MORING LLP

By: */s/ Andrew Holmer*
Jennifer S. Romano
Andrew Holmer
Darshan Patel
Attorneys for Defendants
UNITEDHEALTHCARE
INSURANCE COMPANY and
UNITED HEALTHCARE
SERVICES, INC

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1
II. BACKGROUND ........ 3
A. The Parties ........ 3
B. Summary of Plaintiff's Allegations ........ 4
C. Procedural Background ........ 5
III. LEGAL STANDARD ........ 5
IV. ARGUMENT ........ 6
A. Plaintiff's Claim for Breach of Implied-In-Fact Contract Fails as a Matter of Law Because Plaintiff Does Not Allege a Valid Contract. ........ 6
1. Plaintiff Fails to Allege Facts to Support the Necessary Element of Mutual Assent. ........ 6
2. Plaintiff Fails to Allege Facts to Support the Necessary Element of Valid Consideration. ........ 10
B. Plaintiff's Claim for Breach of Implied-in-Law Contract Fails Because Plaintiff Fails to Allege That United Requested or Benefitted from Plaintiff's Alleged Services. ........ 11
C. Plaintiff's Claim for "Equitable Remedy Under California Civil Code Section 3523" Fails Because Plaintiff Fails to Allege any Legal "Wrong." ........ 15
D. Plaintiff's Duplicative Claim for "Equitable Relief" Fails for the Same Reasons as His Implied-In-Law Contract Claim. ........ 17
E. Plaintiff Should Not Be Permitted Leave to Amend Because Amendment is Futile. ........ 17
V. CONCLUSION ........ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1 Energy Sols., Inc. v. Nicholas Holiday, Inc.*,
No. CV-13-5000-MWF (EX), 2013 WL 12133654 (C.D. Cal. Nov. 5, 2013) ........ 11

*ABC Servs. Grp., Inc. v. Aetna Health & Life Ins. Co.*,
No. 20-55821, 2022 WL 187849 (9th Cir. Jan. 20, 2022) ........ 12

*ABC Servs. Grp., Inc. v. United HealthCare Servs., Inc.*,
No. SACV190531DOCDFMX, 2019 WL 4137624 (C.D. Cal. June 14, 2019) ........ 7, 9

*Advanced Surgical Inst., LLC v. Cigna Health & Life Ins. Co.*,
No. CV201594DSFJEMX, 2022 WL 4596644 (C.D. Cal. Sept. 7, 2022) ........ 13

*Allied Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan*,
80 Cal. App. 5th 794 (2022) ........ 7, 8, 9, 10

*Alvarado Hosp., LLC v. Blue Shield of California Life & Health Ins. Co.*,
No. E066218, 2018 WL 1773403 (Cal. Ct. App. Apr. 13, 2018) (unpub.) ........ 16

*Armijo v. ILWU-PMA Welfare Plan*,
No. CV1501403MWFVBKX, 2015 WL 13629562 (C.D. Cal. Aug. 21, 2015) ........ 13, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 5

*Bell v. Blue Cross of Cal.*,
131 Cal. App. 4th 211 (2005) ........ 11

*Bustamante v. Intuit, Inc.*,
141 Cal. App. 4th 199 (2006) ........ 7

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*,
94 Cal. App. 4th 151 (2001) .......... 13

*Casa Bella Recovery Int'l, Inc. v. Humana Inc.*,
No. SACV 17-01801-AG (JDEx), 2017 WL 6030260, at 4 (C.D. Cal. Nov. 27, 2017) .......... 9, 14, 15, 16

*Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.*,
118 F. Supp. 2d 1002 (C.D. Cal. 2000) .......... 12

*Dole Food Co. v. Super. Ct.*,
242 Cal. App. 4th 894 (2015) .......... 10

*Haggerty v. Warner*,
115 Cal. App. 2d 468 (1953) .......... 11

*Howell v. Hamilton Meats & Provisions, Inc.*
52 Cal. 4th 541 (2011) .......... 8

*IV Sols., Inc. v. United HealthCare Servs., Inc.*,
No. CV169598MWFAGRX, 2017 WL 6372488 (C.D. Cal. Sept. 27, 2017) .......... 12, 13

*Johnson v. Lucent Techs. Inc.*,
653 F.3d 1000 (9th Cir. 2011) .......... 18

*King v. Nat'l Gen. Ins. Co.*,
129 F. Supp. 3d 925 (N.D. Cal. 2015) .......... 16, 17

*Long Beach Mem'l Med. Ctr. v. Kaiser Found. Health Plan, Inc.*,
71 Cal. App. 5th 323 (2021) .......... 16

*M.M. v. Lafayette Sch. Dist.*,
681 F.3d 1082 (9th Cir. 2012) .......... 17

*McBride v. Boughton*,
123 Cal. App. 4th 379 (2004) .......... 11

*O'Byrne v. Santa Monica-UCLA Medical Center*,
94 Cal. App. 4th 797 (2001) .......... 11

*Ochs v. PacifiCare of California*,
115 Cal. App. 4th 782 (2004) .......... 12, 13

*Pac. Bay Recovery, Inc. v. Cal. Physicians Servs., Inc.*, 12 Cal. App. 5th 200 (2017) ........ 7, 9, 14

*Payman R. Emmanuel, M.D., Inc. v. BCBS Blue Shield of Illinois*, No. 2:20-CV-11798-RGK-E, 2021 WL 4777160 (C.D. Cal. Mar. 15, 2021) ........ 12

*Robinson v. Magee*, 9 Cal. 81 (1858) ........ 10

*Saenz v. Ledbetter*, No. 516CV0063ODWSK, 2017 WL 2626987 (C.D. Cal. June 15, 2017) ........ 6

*San Mateo Union High Sch. Dist.*, 213 Cal. App. 4th 418, 440 (2013) ........ 10

*Stanford Health Care v. Blue Cross Blue Shield of N. Carolina, Inc.*, No. 21-CV-04598-BLF, 2022 WL 195847 (N.D. Cal. Jan. 21, 2022) ........ 9

*State Farm Mutual Automobile Ins. Co. v. Huff*, 216 Cal. App. 4th 1463 (2013) ........ 8

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998) ........ 6

*The MEGA Life & Health Ins. Co. v. Superior Ct.*, 172 Cal. App. 4th 1522 (2009) ........ 15

*TML Recovery, LLC v. Cigna Corp.*, No. SACV2000269DOCJDEX, 2021 WL 5238575 (C.D. Cal. Mar. 29, 2021) ........ 9

*Unilab Corp. v. Angels-IPA*, 244 Cal. App. 4th 622 (2016) ........ 7

*In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079 (9th Cir. 2002) ........ 17, 18

**Statutes**

42 U.S.C. § 1395dd ........ 10

Cal. Civ. Code § 1605 ........ 10

Cal. Health & Safety Code § 1317.2a(d) ........ 4, 14, 15, 16

Cal Civ. Code 3523 ........ 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants UnitedHealthcare Insurance Company ("UHIC") and United Healthcare Services, Inc. ("UHS") (collectively "United" or "Defendants") underwrite, insure, and/or administer health plans that are either insured by United or funded by employers. Plaintiff Ata Mazaheri, M.D., Inc. is a medical corporation owned by Dr. Ata Mazaheri, who is a general surgeon affiliated with multiple hospitals in Torrance, California (collectively, "Plaintiff"). Plaintiff is an "out-of-network" provider for the health plans administered by United, meaning that Plaintiff does not contract with United to provide healthcare services to United's members.

Plaintiff alleges that he provided medical services to certain members of United's insurance policies on an emergency basis. Since Plaintiff does not have a contract with United for any of the services at issue in this case, California law provides that United's obligation to pay for those services is defined (and limited) solely by the insurance policies United issued or administered for the members in this case. Plaintiff admits that United paid him in some amount for most of the services at issue, and he avoids alleging whether United properly paid *under the insurance policies* that apply to each member. Tellingly, Plaintiff does not allege that the insurance policies at issue require that United pay any more than what was already paid.

Instead of grappling with the documents that govern what amount is due for the services Plaintiff provided (*i.e.*, the terms of the insurance policies for each member), Plaintiff focuses his complaint on his own unilaterally-set "billed charges." In his First Amended Complaint ("FAC"), Plaintiff seeks over $370,000 in additional payments to recover his full billed charges for the out-of-network services allegedly provided to patients. Plaintiff asserts four causes of action against both Defendants under California state law: (1) breach of implied-in-fact contract;

(2) breach of implied-in-law contract; (3) equitable remedy under California Civil Code 3523; and (4) equitable relief.

Each of the causes of action in Plaintiff's Complaint should be dismissed for the following reasons:

*First*, Plaintiff's cause of action for breach of implied-in-fact contract should be dismissed because Plaintiff fails to allege the existence of a valid implied-in-fact contract. Plaintiff *affirmatively admits*, as he must, that he has no "written agreement" or "other contract" with United at all. Indeed, Plaintiff does not (because he cannot) allege any mutual agreement as to the price United would pay for the medical services at issue. Under settled California law, this alone precludes Plaintiff's claim for breach of implied contract as a matter of law. And under equally settled California law, Plaintiff fails to allege any valid consideration necessary to support an implied-in-fact contract. Because Plaintiff fails to sufficiently allege mutual assent and consideration, his claim for breach of implied-in-fact contract should be dismissed.

*Second*, Plaintiff's quasi-contract claim for breach of "implied-in-law" contract, is synonymous with the common law claim for *quantum meruit*. Under settled California law, Plaintiff's quasi-contract claim sounding in *quantum meruit* fails because Plaintiff does not allege that United – as opposed to the insured patients – *specifically requested* Plaintiff's services, let alone that United *benefitted* from the medical services Plaintiff allegedly provided to third-party patients. Moreover, Plaintiff cannot recover in *quantum meruit* for the additional reason that California law expressly limits United's obligation to pay for the emergency medical services in question (if at all) to the amounts specified in the individual insurance policies issued to the third-party health plan members at issue. Plaintiff does not allege that United owes anything additional under the terms of those policies, and he cannot use *quantum meruit* to recover in excess of the policy limits.

*Third,* Plaintiff's cause of action for "Equitable Remedy Under California

Civil Code Section 3523" is not an independent cause of action. The general maxim that "[f]or every wrong there is a remedy" does not create liability where, as here, none exists to begin with. Since Plaintiff does not allege that United incorrectly paid under any of the insurance policies that govern here, he does not allege any "wrong" that requires a remedy. And in any event, the only "remedy" Plaintiff seeks for this claim again sounds in *quantum meruit.* As a result, his claim for equitable remedy under California Civil Code Section 3523 fails for all the same reasons as his claim for breach of implied-in-law contract, and because it is duplicative.

*Finally*, Plaintiff's claim for "equitable relief" is, again, just a repackaged claim for *quantum meruit* and fails for the same substantive reasons as his other *quasi*-contract claims and because it is duplicative.

United respectfully requests that this Court dismiss the FAC in its entirety without leave to amend.

## II. BACKGROUND

### A. The Parties

As alleged in the FAC, Plaintiff is a general surgeon who is affiliated with multiple hospitals in Torrance, California. FAC, ECF No. 16, ¶ 1. United underwrites, insures, and/or administers health plans that are either insured by United or funded by employers. FAC ¶ 6.

Plaintiff is a "'non-participating' or 'out-of-network' provider" for the United health plans at issue in this case, meaning that "[t]here is no written agreement between Defendants and Dr. Mazaheri for the emergency healthcare claims at issue in this case . . . ." FAC ¶ 12. In addition to having no "written agreement" with United, Plaintiff concedes that he has "no . . . other contract with United," either. FAC ¶ 22.

As Plaintiff admits, the "United Defendants are not a healthcare service plan governed by the Knox Keene Act," meaning that Plaintiff "cannot recover" against

United "based on [California's] Knox Keene Act." FAC ¶ 68; *see also id.* ¶ 35. Instead, as Plaintiff concedes, Defendants are "insurance provider[s] governed by the California Insurance code." FAC ¶ 68. As a result, United's obligations to health care providers, including Plaintiff, are governed by the health plans it administers. Cal. Health & Safety Code § 1317.2a(d).

**B. Summary of Plaintiff's Allegations**

Plaintiff alleges that, between June of 2018 and September of 2021, he "provided forty-three emergency medical services to twenty-six patients that were insured under different plans" that were insured or administered by United. FAC ¶ 14. Plaintiff does not allege that he ever spoke to or otherwise communicated with United prior to rendering any of the alleged medical services at issue. And Plaintiff does not allege that United ever requested that he provide any of the services in question. Rather, Plaintiff alleges that he performed the emergency medical services at issue in this case because he was legally obligated to do so under California and federal law. FAC ¶ 35; *see also id*. at ¶¶ 24-34.

Plaintiff alleges that he submitted claims for payment to United for those alleged emergency medical services. FAC ¶¶ 14-15. According to Plaintiff, "out of the forty-three claims at issue, twenty-eight claims have been partially paid" by United, "twelve claims remain fully unpaid and the status of three claims are unknown at this time to Plaintiff." FAC ¶ 15. Nowhere in the FAC does Plaintiff allege that the insurance policies at issue obligated United to pay any amounts beyond what it has already paid. For example, Plaintiff does not allege that the members who received the services at issue had reached their annual deductible, which is a nearly universal prerequisite for coverage under a health insurance policy. Nor does Plaintiff allege that he complied with other claim submission requirements under the policies necessary to trigger a payment obligation. Plaintiff ignores the insurance policies entirely despite the fact that, as explained below, it is those policies (and not Plaintiff's unilateral billed charges) that govern United's

payment obligations.

Nevertheless, Plaintiff asserts four causes of action against United under California state law for: (1) breach of implied-in-fact contract; (2) breach of implied-in-law contract; (3) "equitable remedy under California Civil Code Section 3523;" and (4) "equitable relief." Plaintiff seeks damages in excess of $370,000 to recover the difference between what United paid and Plaintiff's full (and unilaterally-set) billed charges. *See* FAC, Ex. 1.

### C. Procedural Background

Plaintiff filed the operative complaint on December 29, 2022 in the Superior Court of the State of California for the County of Los Angeles (Super Court Case No. 22TRCV01625). Defendants were served with the Complaint on January 4, 2023. On February 3, 2023, Defendants timely removed the action to this Court under the Court's diversity jurisdiction. *See* ECF No. 1.

Plaintiff filed the operative FAC on April 3, 2023 (ECF No. 16) following a meet and confer discussion regarding Defendant's arguments for dismissal of the Original Complaint (*see* ECF 14 at 2).

## III. LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court should accept the complaint's factual allegations as true, the same is not true of legal conclusions. *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough, nor are "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and alteration omitted).

## IV. ARGUMENT

### A. Plaintiff's Claim for Breach of Implied-In-Fact Contract Fails as a Matter of Law Because Plaintiff Does Not Allege a Valid Contract.

In his first cause of action, Plaintiff alleges that United breached an "implied-in-fact contract" with Plaintiff by "reimbursing the [emergency medical services] claims at rates lower than the reasonable value and/or denying the claims." FAC ¶ 48.

As a matter of law, Plaintiff's conclusory assertion of an implied-in-fact contract fails because it contradicts his own allegations. Plaintiff admits that he has "no written agreement" United. FAC ¶ 12. And Plaintiff concedes, as he must, that he has "no . . . other contract with United." FAC ¶ 22. These "allegations, taken as true, cannot plausibly coexist with Plaintiff's contradictory and conclusory assertions" of an implied-in-fact contract. *Saenz v. Ledbetter*, No. 516CV0063ODWSK, 2017 WL 2626987, at *4 (C.D. Cal. June 15, 2017) (dismissing a claim where "drawing . . . an inference" necessary to establish the claim "would be demonstrably unreasonable because it is contradicted by Plaintiff's well-pled allegations"); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by" facts referenced in the complaint).

Plaintiff's admission that he had no contract – written or "other" – with United is unsurprising because it also is the inevitable conclusion under settled California law. Even without those admissions, Plaintiff would still fail to plead any valid implied-in-fact contract because he alleges no facts to support mutual assent by the parties to all material terms of the contract, and he fails to plead facts to support consideration.

#### 1. Plaintiff Fails to Allege Facts to Support the Necessary Element of Mutual Assent.

Like any contract, an implied-in-fact contract under California law must be supported by mutual assent by the parties to all of the material terms of the contract.

*Unilab Corp. v. Angels-IPA*, 244 Cal. App. 4th 622, 638 (2016); *see also Pac. Bay Recovery, Inc. v. Cal. Physicians Servs., Inc.,* 12 Cal. App. 5th 200, 215-216 (2017) ("both types of contract are identical in that they require a meeting of minds or an agreement") (quotation marks omitted). Specifically, "[c]ontract formation requires mutual consent, which cannot exist unless the parties agree upon the same thing in the same sense." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006) (quotation marks omitted). Under California law, a "plaintiff health care provider cannot bring an implied contract claim if the allegations 'lack the specific facts required for us to determine there was any meeting of the minds between the parties.'" *ABC Servs. Grp., Inc. v. United HealthCare Servs., Inc.*, No. SACV190531DOCDFMX, 2019 WL 4137624, at *6 (C.D. Cal. June 14, 2019) (quoting *Pac. Bay Recovery*, 12 Cal. App. 5th at 216).

The California Court of Appeal's recent decision in *Allied Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan*, 80 Cal. App. 5th 794 (2022), is directly on point and requires dismissal here. In that case, the plaintiffs were out-of-network providers who performed anesthesia services in connection with surgical procedures authorized by the defendant health plan. *Id.* at 798-99. When the health plan reimbursed for those anesthesia services at a rate "below reasonable and customary value," the plaintiff providers brought suit for, among other things, breach of implied-in-fact contract. *Id.*

In *Allied-Anesthesia*, the Court of Appeal affirmed the trial court's order sustaining the defendant's demurrer as to the implied-in-fact contract claim without leave to amend. *Allied Anesthesia*, 80 Cal. App. 5th at 808-813. Relevant here, the Court held "[a] claim for breach of an implied-in-fact contract requires plaintiffs to plead the agreed-upon rate" of payment. *Id*. at 810. This is because "the amount that [a health plan] would pay plaintiffs for their services is a material term of any contract, such that, absent an allegation that the parties agreed on that amount, *no implied-in-fact contract was formed*." *Id.* (emphasis added). Thus, to adequately

allege mutual assent and the requisite "meeting of the minds," a plaintiff must allege "what exactly [the health plan] agreed to pay." *Id.* (quotation marks omitted).

Here, as in *Allied Anesthesia*, Plaintiff's claim for breach of implied-in-fact contract should be dismissed because Plaintiff fails to allege that the parties agreed upon a specific payment rate *before* Plaintiff allegedly rendered the services in question. Indeed, Plaintiff does not allege that he ever communicated with anyone at United at all prior to rendering the medical services in question. Since Plaintiff does not (because he cannot) allege a "meeting of the minds regarding what exactly [United] agreed to pay," no "contract was formed" as a matter of law. *Allied Anesthesia,* 80 Cal. App. 5th at 810 (quotation marks omitted).

Plaintiff attempts to circumvent the requirement of assent with the conclusory allegation that "it can clearly be inferred that United and Dr. Mazaheri had an implied contract in fact" where Dr. Mazaheri would provide services to a patient and United "would process the claim and pay for the services" (FAC ¶ 47), which Plaintiff incorrectly contends to be the amounts he billed to United *after* those services were rendered.[1] FAC. ¶ 47. As evidence that United "intended to form a contract," Plaintiff alleges four "examples" in which United processed claims submitted by Plaintiff *after the services were rendered*, and paid an amount that was *less* than the billed amounts Plaintiff seeks in this lawsuit. Under settled California law, however, such after the fact, partial claim payments are insufficient to allege the formation of a contract.

First, as the Court of Appeal held in *Allied Anesthesia*, this allegation is insufficient to state a claim because it "fails to identify any reasonable and customary rate or to assert that such rate was *communicated to*" United *before* the

[1] This allegation also is facially implausible. *See State Farm Mutual Automobile Ins. Co. v. Huff*, 216 Cal. App. 4th 1463, 1471 (2013) ("the full amount billed by medical providers is not an accurate measure of the value of medical services"); *Howell v. Hamilton Meats & Provisions, Inc.* 52 Cal. 4th 541, 561 (2011) ("hospital bills have been called insincere, in the sense that they would yield truly enormous profits if those prices were actually paid").

services were rendered. *Allied Anesthesia*, 80 Cal. App. 5th at 808; *see also id*. at 808 (affirming demurrer to implied contract claim by an out-of-network provider; a "hospital's or surgeon's request for authorization of a surgical procedure, which requires anesthesia, is insufficient for the creation of an agreement"). Simply put, Plaintiff's "allegations don't sufficiently describe . . . how much Defendants agreed to pay" *before* the services were rendered. *Casa Bella Recovery Int'l, Inc. v. Humana Inc.*, No. SACV 17-01801-AG (JDEx), 2017 WL 6030260, at 4 (C.D. Cal. Nov. 27, 2017) (dismissing implied contract claim; "Plaintiff may only succeed with this claim if it can, consistent with" Rule 11, "allege more facts about the terms of its agreement or agreements with Defendants"); *see also TML Recovery, LLC v. Cigna Corp.*, No. SACV 20-00269-DOC (JDEx), 2021 WL 5238575, at *5 (C.D. Cal. Mar. 29, 2021) (dismissing implied contract claim by an out-of-network provider; provider failed to allege a specific amount the insurer agreed to pay); *ABC Servs. Grp., Inc.*, 2019 WL 4137624, at *6 (dismissing implied contract claim; plaintiff "fail[ed] to state any facts that would support a meeting of the minds or an agreement with specific terms").

If anything, "the fact that [United] only paid [Plaintiff] at" a lower amount "undermines [Plaintiff's] claim that the parties ever agreed on the same contractual terms, to wit, the rate of . . . payment." *Allied Anesthesia*, 80 Cal. App. 5th at 808. For that reason, "courts have rejected" the precise argument Plaintiff makes here: that "partial payment for the medical services at issue . . . is sufficient to allege mutual assent." *Stanford Health Care v. Blue Cross Blue Shield of N. Carolina, Inc.*, No. 21-CV-04598-BLF, 2022 WL 195847, at *6 (N.D. Cal. Jan. 21, 2022) (dismissing claim for breach of implied contract, and explaining that "partial payment undermines the inference of mutual assent between the parties"). "The allegations in the [FAC], therefore, do not exhibit any mutual consent as to an essential term of the alleged implied contract." *Allied Anesthesia*, 80 Cal. App. 5th at 809; *see also Pac. Bay Recovery, Inc.*, 12 Cal. App. 5th at 216 (affirming

demurrer without leave to amend; fact that a health plan paid only a portion of the amounts billed by an out-of-network provider "undermines [the provider's] claim that the parties ever agreed to the same contractual terms"). The only reasonable interpretation is that there was no meeting of the minds.

**2. Plaintiff Fails to Allege Facts to Support the Necessary Element of Valid Consideration.**

Even if Plaintiff could allege a meeting of the minds as to the rate of reimbursement (he cannot), his claim for breach of implied-in-fact contract would still fail as a matter of law because Plaintiff does not allege the distinct element of valid, mutual consideration.

Under California law, every contract must be supported by valid and mutual consideration. *Robinson v. Magee*, 9 Cal. 81, 83 (1858); *see also Allied Anesthesia*, 80 Cal. App. 5th at 808 (implied contracts must be supported by consideration). "It is hornbook law that '[d]oing or promising to do what one already is legally bound to do cannot be consideration for a promise.'" *Dole Food Co. v. Super. Ct.*, 242 Cal. App. 4th 894, 911 (2015); *see also* Cal. Civ. Code § 1605.

Here, the only consideration Plaintiff alleges he offered in support of the alleged implied-in-fact contract was his "provision of emergency medical services to twenty-six patients that were insured under different plans" insured or administered by United. FAC ¶ 48. But Plaintiff also admits that, regardless of any contract with United, he was already required under California law to provide emergency medical services to the patients at issue. *Id.* at ¶ 43; *see also* 42 U.S.C. § 1395dd. Thus, any services performed were not the result of Plaintiff's "promise" at all, but of his legal obligation to provide those emergency medical services. *See San Mateo Union High Sch. Dist.*, 213 Cal. App. 4th 418, 440 (2013) (no valid consideration to support an implied contract where the "relationship [is] created, defined, and entirely governed by existing independent legal duties"). As a matter of law, Plaintiff's "statutory or legal obligation to perform an act may not constitute

consideration for a contract." *O'Byrne v. Santa Monica-UCLA Medical Center*, 94 Cal. App. 4th 797, 808 (2001). Plaintiff's claim for breach of implied-in-fact contract, unsupported by any valid consideration from Plaintiff, fails a matter of law for this independent reason.

### B. Plaintiff's Claim for Breach of Implied-in-Law Contract Fails Because Plaintiff Fails to Allege That United Requested or Benefitted from Plaintiff's Alleged Services.

Because Plaintiff has no actual contract with United, his second cause of action alleges an alternative theory of recovery under for "breach of implied-in-law contract." FAC ¶¶ 49-59. Once again, Plaintiff alleges that he provided emergency medical services to third-parties (the patients allegedly enrolled in United insurance policies) and that United failed to pay Plaintiff's full billed charges for those services. FAC ¶¶ 54-56.

Under California law, "[t]he so-called 'contract implied in law' in reality is not a contract." *See McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) (quotation marks omitted). Rather, as this Court has explained, "[u]nder California law, a claim for implied-in-law or quasi-contract is synonymous with a claim for unjust enrichment or quantum meruit." *1 Energy Sols., Inc. v. Nicholas Holiday, Inc.*, No. CV-13-5000-MWF (EX), 2013 WL 12133654, at *3 (C.D. Cal. Nov. 5, 2013); *see also Bell v. Blue Cross of Cal.*, 131 Cal. App. 4th 211, 221 (2005) (describing a medical provider's "implied-in-law right to recover for the reasonable value of his services" as a "quantum meruit claim")

To state a claim sounding in *quantum meruit* under California law, Plaintiff must allege that he "performed certain Services for defendants, [] their reasonable value, *that they were rendered at the special instance and request of defendants*, and are unpaid." *Haggerty v. Warner,* 115 Cal. App. 2d 468, 475 (1953) (emphasis added). In the context of a claim brought by a health care provider against a health plan administrator for payment for health care services, "a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for

services *from the defendant* and that the services rendered were intended to and did *benefit the defendant.*" *Ochs v. PacifiCare of California,* 115 Cal. App. 4th 782, 794 (2004) (emphasis added) (trial court correctly sustained demurrer to *quantum meruit* claim for emergency medical services without leave to amend). Here, Plaintiff's *quantum meruit* claim for breach of implied-in-law contract should be dismissed because Plaintiff does not and cannot allege that the medical services in question were either (a) *specifically requested* by United, or (b) benefited United, as opposed to the third-party patients Plaintiff allegedly treated.

*First*, as this Court has noted, "'when the services are rendered by the plaintiff to a third person,' as here, 'the courts have required that there be a *specific request therefor from the defendant*.'" *IV Sols., Inc. v. United HealthCare Servs., Inc.*, No. CV169598MWFAGRX, 2017 WL 6372488, at *14 (C.D. Cal. Sept. 27, 2017) (emphasis added) (quoting *Day v. Alta Bates Med. Ctr.,* 98 Cal. App. 4th 243, 249 (2002) (dismissing *quantum meruit* claim by an out-of-network provider without leave to amend). This settled requirement under California law applies even in the context of emergency medical services. *See Ochs,* 115 Cal. App. 4th at 794.

When a non-contracted provider renders services to a health plan member, it does not do so at the request of the insurer, but rather at the request of the insured patient. *See Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.,* 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000). Thus, courts regularly dismiss *quantum meruit* claims when, the "Plaintiff fails to allege that it rendered its medical services to [a patient] pursuant to a specific request from" the insurer. *Payman R. Emmanuel, M.D., Inc. v. BCBS Blue Shield of Illinois*, No. 2:20-CV-11798-RGK-E, 2021 WL 4777160, at *3 (C.D. Cal. Mar. 15, 2021); *see also ABC Servs. Grp., Inc. v. Aetna Health & Life Ins. Co*., No. 20-55821, 2022 WL 187849, at *2 (9th Cir. Jan. 20, 2022) (affirming dismissal of *quantum meruit* claim; plaintiff failed to allege that the insurer "took the additional step of explicitly requesting" the medical services in question); *IV Sols.*, 2017 WL 6372488, at *14.

Here, Plaintiff cannot state a claim for *quantum meruit* because he *affirmatively admits* that any services he allegedly rendered were performed "at the request of the members" (*i.e.*, patients) (FAC ¶¶ 55, 73), not United. As a matter of law, this admission precludes Plaintiff's *quantum meruit* claim for breach of implied-in-law contract because he does not (and cannot) allege any "specific request" for those services *from United*.[2] *IV Sols.*, 2017 WL 6372488, at *14; *see also Ochs,* 115 Cal. App. 4th at 794.

*Second*, the cause of action for *quantum meruit* also fails for the distinct reason that United was not the direct beneficiary of the treatment in question. Under settled California law, "any benefit conferred upon [insurers] by [Plaintiff] was simply an incident to [Plaintiff's] performance of [his] own obligations," and, without more, cannot support a *quantum meruit* claim for breach of implied-in-law contract. *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.,* 94 Cal. App. 4th 151, 174 (2001) (affirming demurrer to a quasi-contract/implied-in-law contract claim without leave to amend); *see also id.* at 171 (rejecting plaintiff's assertion that an insurer "directly benefited financially from Physicians' unpaid provision of care"). In other words, as this Court has explained, "services provided by medical providers to patients do not inure to the benefit of insurers." *Armijo v. ILWU-PMA Welfare Plan*, No. CV1501403MWFVBKX, 2015 WL 13629562, at *24 (C.D. Cal. Aug. 21, 2015) (dismissing *quasi*-contract claim). Because Plaintiff alleges no extraordinary or unusual facts to establish a "benefit conferred" upon United with respect to these claims, as opposed to the third-party patients, his *quantum meruit* claim for breach of implied-in-law contract should be dismissed for this additional

[2] United's alleged partial payment of some claims does not support his implied-in-law contract claim, either. "[P]artial payment of" some claims does not "constitute[] a *request* for services, particularly given that payment occurred after the services were rendered." *Advanced Surgical Inst., LLC v. Cigna Health & Life Ins. Co.*, No. CV201594DSFJEMX, 2022 WL 4596644, at *4 (C.D. Cal. Sept. 7, 2022) (granting summary judgment on *quantum meruit* claim); *see also IV Sols.*, 2017 WL 3672488, at *14 ("The fact that United Healthcare had paid" a provider "in the past . . . is not enough to support a quantum meruit claim.").

reason. *Id*. ("the Court is unpersuaded that providing medical services to patients confers a benefit on [a health] plan sufficient to state a claim for relief under a theory of quasi-contract").

*Finally*, even if Plaintiff had otherwise alleged the elements of a *quantum meruit* claim (he has not), "*quantum meruit* recovery is inappropriate where it would frustrate the law or public policy." *Pac. Bay Recovery, Inc.,* 12 Cal. App. 5th at 215. Here, Plaintiff admits that Defendants are "insurance provider[s] governed by the California Insurance code" and that Plaintiff "cannot recover" in this case based on California's Knox Keene Act. FAC ¶ 68. Thus, as a matter of law, the California Legislature has decided that the amount United owes for emergency services is limited to the terms of the member's insurance policies. *See* Cal. Health & Safety Code § 1317.2a(d) ("the liability of a third-party payor that is licensed by the Insurance Commissioner . . . and has a contractual obligation to provide or indemnify emergency medical services under a contract which covers a subscriber or an enrollee shall be determined in accordance with the terms of that contract"). He therefore cannot "us[e] quantum meruit to recover something to which [he] is not entitled" – *i.e.*, his full billed charged – because "the amount [United] owed . . . for treatment . . . is limited by the applicable" insurance policy. *Pac. Bay Recovery, Inc.,* 12 Cal. App. 5th at 215; *see also Casa Bella Recovery*, 2017 WL 6030260 at*4 (a provider may not "recover [against an insurer] beyond what the [insurance policy] provides based on . . . quantum meruit theories").

The fact that United does not have a statutory obligation to pay Plaintiff for emergency services at the *full billed charges claimed by Plaintiff* does not leave emergency physicians out in the cold. It just means United's obligation to reimburse for emergency medical services is expressly governed by the contractually-defined payment obligations set out in each member's insurance

policy.[3] Cal. Health & Safety Code § 1317.2a(d) Tellingly, Plaintiff *does not* allege that United failed to reimburse for the emergency medical services consistent with the terms set out in each member's insurance policy. *See Casa Bella Recovery*, 2017 WL 6030260 at*4 ("A provider isn't entitled to payment from an insurer beyond what the [policy] provides just because the provider considers the [policy's] provisions unfair.").

**C. Plaintiff's Claim for "Equitable Remedy Under California Civil Code Section 3523" Fails Because Plaintiff Fails to Allege any Legal "Wrong."**

Plaintiff's third cause of action for "equitable remedy under California Civil Code Section 3523" fails because it is not a cause of action at all. Rather, California Civil Code § 3523 is a codification of the general maxim that, "[f]or every wrong there is a remedy." Cal. Civ. Code § 3523. The "statute does not create substantive rights or an unbounded right to damages" and it does not "provide remedies for every 'wrong' in the moral sense . . . ." *The MEGA Life & Health Ins. Co. v. Superior Ct.*, 172 Cal. App. 4th 1522, 1526-27 (2009). "[O]nly *legal* wrongs must be redressed" under this general maxim, and the statute "can obviously have no application to any but legal wrongs or those wrongs for which the law authorizes or sanctions redress." *Id.* at 1526-27 (emphasis in original).

Here, Plaintiff fails to allege any redressable *legal* wrong that he has suffered. As discussed above, he does not allege any legal obligation (whether, statutory, contractual, or equitable) by United to pay him the full billed charges he

[3] This careful Legislative balancing makes sense. Insurers and insurance administrators, like United (whose insurance policies are subject to review and approval by the CDI), charge premiums for insurance that are actuarially-determined (and again subject to CDI-approval) based on the expected costs of paying the specific benefit amounts set forth in the insurance policy. If United were required to pay out-of-network healthcare providers any amount that the provider unilaterally chose to bill, there would be no way to predict those costs. Instead, the Legislature chose to limit the amount that insurers and insurance administrators, like United, owe to emergency physicians to the amounts described in the applicable CDI-approved insurance policies.

seeks in this action.[4] Quite the opposite. California law expressly limits United's obligation to pay (if it exists at all) to the amounts set out in the applicable insurance policies. Cal. Health & Safety Code § 1317.2a(d); *see also Alvarado Hosp., LLC v. Blue Shield of California Life & Health Ins. Co.*, No. E066218, 2018 WL 1773403, at *6 (Cal. Ct. App. Apr. 13, 2018) (unpub.) (applying Cal. Health & Safety Code § 1317.2a(d), and holding an insurer's liability to a provider for emergency medical services is "determined by the contract between the insurance company and the individual"). Yet Plaintiff does not allege (let alone with plausible facts) that he is owed anything more under those insurance policies, and he fails to allege any redressable *legal* wrong. *See Casa Bella Recovery*, 2017 WL 6030260 at*4 ("A provider isn't entitled to payment from an insurer beyond what the [policy] provides just because the provider considers the [policy's] provisions unfair.").

In any event, the only "remedy" plaintiff seeks under his third cause of action for "equitable remedy under California Civil Code Section 3523" is indistinguishable from his *quantum meruit* claim for breach of implied-in-fact contract. The gravamen of this claim is Plaintiff's assertion that "United has gained a benefit" (in the form of medical services provided to third-party health plan members), and that Plaintiff is entitled to "legal recourse to obtain the reasonable value of the services provided." FAC ¶ 68. That is just another way of describing *quantum meruit*. *See King v. Nat'l Gen. Ins. Co.*, 129 F. Supp. 3d 925, 942 (N.D. Cal. 2015) ("Under California law, quantum meruit is an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant.") (quotation marks omitted). Thus,

---

[4] California law also is clear that there is no legal duty sounding in tort "not to underreimburse a [provider] the 'reasonable and customary value' of emergency medical services." *Long Beach Mem'l Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 71 Cal. App. 5th 323, 339 (2021).

Plaintiff's duplicative claim under California Civil Code Section 3523 should be dismissed for all the same reasons as his breach of implied-in-law contract claim and because it is duplicative of that claim. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims").

### D. Plaintiff's Duplicative Claim for "Equitable Relief" Fails for the Same Reasons as His Implied-In-Law Contract Claim.

Plaintiff's last cause of action for "equitable relief" is equally indistinguishable from his *quantum meruit* claim for breach of implied-in-law contract, and it should be dismissed for all the same reasons. Once again, the thrust of this claim is Plaintiff's allegation that:

> "it is unjust and inequitable for the United Defendants to retain the benefit they received without paying the reasonable value of that benefit: i.e., by paying Dr. Mazaheri for the reasonable value of the services provided, for the claims that are the subject of this action."

FAC ¶ 75.

Under California law, claims for an equitable remedy in which "a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services" are claims for *quantum meruit*. *King*, 129 F. Supp. 3d at 942. Just like his third cause of action, Plaintiff's fourth cause of action for "equitable relief" sounds in *quantum meruit* and is therefore duplicative of his second cause of action for breach implied-in-law contract. The claim for "equitable relief" should be dismissed for all the same reasons as his implied-in-law contract claim and for the additional reason that it is duplicative. *Lafayette Sch. Dist.*, 681 F.3d at 1091.

### E. Plaintiff Should Not Be Permitted Leave to Amend Because Amendment is Futile.

Leave to amend need not be granted when an amendment would be futile. *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002). Plaintiff bears the

burden to "say what additional facts [he] might plead if given the chance to amend." *Id.*

As discussed above, each of Plaintiff's claims fails as a matter of law based not on what he failed to plead, but on his affirmative allegations. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011) ("We fail to see how [Plaintiff] could have amended his pleadings to cure their deficiencies without contradicting the factual allegations in his complaint. Leave to amend would have therefore been futile"). Plaintiff already had an opportunity to amend in response to meet and confer discussions in which Defendants' counsel raised the precise arguments in this motion to dismiss. Leave to amend would be futile, and Plaintiff's FAC should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, United respectfully requests that Plaintiff's FAC be dismissed in its entirety, with prejudice and without leave to amend.

Dated: April 17, 2023

CROWELL & MORING LLP

By: */s/ Andrew Holmer*
Jennifer S. Romano
Andrew Holmer
Darshan Patel
Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE COMPANY and UNITED HEALTHCARE SERVICES, INC.

**CERTIFICATE OF COMPLIANCE WITH CIVIL LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendants UnitedHealthcare Insurance Company and United HealthCare Services, Inc., certifies that the foregoing Memorandum of Points and Authorities contains 5,584 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 17, 2023

CROWELL & MORING LLP

*/s/Andrew Holmer*
Andrew Holmer
Attorney for Defendants

# CERTIFICATE OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on April 17, 2023, a true copy of the above document was filed through the Court's Case Management/ Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case.

Dated: April 17, 2023

CROWELL & MORING LLP

*/s/Andrew Holmer*
Andrew Holmer
Attorney for Defendants